**Anita S. GARZA et al., Plaintiffs-Appellees,**

v.

**Preston SMITH, Governor of Texas, et al., Defendants-Appellants.**

**No. 71–2364**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Oct. 21, 1971.

Rehearing Denied Nov. 12, 1971.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., et al., 431 F.2d 409, Part I (5th Cir. 1970).

Crawford C. Martin, Atty. Gen., Austin, Tex., for defendants-appellants.

Pete Tijerina, San Antonio, Tex., Mario Obledo, Michael Mendelson, Alan Exelrod, San Francisco, Cal., for plaintiffs-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

BY THE COURT:

Appellees brought this class action on behalf of all illiterate voters in the State of Texas to declare Election Code, Articles 5.05(15) and 8.13, V.A.T.S., unconstitutional. These Articles prohibit assistance to illiterate voters in the voting booth while allowing such assistance to blind and physically disabled voters. A three-judge court was convened and after a hearing on the merits declared these Articles to be violative of the Equal Protection clause of the Fourteenth Amendment, D.C., 320 F.Supp. 131. An appeal was taken to the Supreme Court, but no injunctive relief having been granted, the Court declined jurisdiction. The judgment was vacated, 401 U.S. 1006, 91 S.Ct. 1257, 28 L.Ed. 2d 542, and the case was remanded to the three-judge court to reenter a fresh judgment so that a timely appeal could be taken to this Court. On remand the three-judge court again held the Articles unconstitutional, but entered the following judgment concerning the prayer for injunctive relief:

(2) INJUNCTIVE RELIEF. That plaintiffs' prayer for a preliminary or permanent injunction prohibiting the State of Texas from applying or enforcing Articles 5.05(15) and 8.13 of the Texas Election Code, insofar as they forbid to illiterate voters the assistance they authorize to voters who by reason of some bodily infirmity are physically unable to write or see, and ordering the State to provide such assistance to illiterate voters be, and is hereby, DENIED; *provided, however,* in the event the 62nd Texas Legislature, which convened in January of this year, fails to enact appropriate legislation to remedy the deficiencies in the statute, as we have pointed out, before it adjourns, the plaintiffs may apply to this Court for injunctive relief, and jurisdiction of this cause will be retained for that purpose should it become necessary.

(3) This new judgment is being entered pursuant to the April 5, 1971 order of the Supreme Court of the United States (Supreme Court Docket No. 1326, O.T., 1970).

Dated May 17th, 1971. (emphasis in the original)

We take judicial notice that between the date of the Supreme Court's judgment and today, the Sixty-second Texas Legislature has adjourned and has failed to enact any legislation on this subject. Therefore, under the literal terms of the proviso set out above, the appellees, should they desire, could now apply to and obtain from the three-judge court below an injunction to restrain the enforcement of these articles. Obviously this power, presently reserved in one of the litigants, prevents that degree of finality which is a prerequisite to the review power of this court, from ever attaching to the order here on appeal. A final judgment is one "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).

The three-judge district court has not only expressly retained jurisdiction to issue an injunction should the appellees seek one, but, to all intents and purposes, it is committed to grant such relief should the appellees deign to ask for it.

This circumstance not only deprives this court of jurisdiction of this cause for lack of a final order, but should the three-judge court act to unconditionally grant or deny an injunction, exclusive

appellate jurisdiction will be vested in the Supreme Court and not in this court.

The Governor and the officials of the State of Texas are entitled to have their right to seek appellate review in some court made clear. Pursuant to the provisions of 28 U.S.C.A. § 2106, it is just, under the circumstances, that this cause be and the same is hereby forthwith remanded to the three-judge district court with directions to enter a final judgment granting declaratory relief alone or, in the alternative, to enter an order acting finally and unprovisionally on the merits of appellees' request for injunctive relief.

Remanded, with directions.