**Rosa TORRES et al., Plaintiffs,**
v.
**Alice SACHS et al., Defendants.**

**Raymond S. VELEZ et al., Plaintiffs,**
v.
**Patrick CUNNINGHAM et al., Defendants.**

**Nos. 73 Civ. 3921, 73 Civ. 2666.**

United States District Court,
S. D. New York.
July 25, 1974.

Herbert Teitelbaum, Puerto Rican Legal Defense Fund, New York City, for Rosa Torres and others.

Paul Bliefer, New York City, for Raymond S. Velez and others.

New York City Corp. Counsel by Irwin Herzog, New York City, for Alice Sachs and others.

New York City Corp. Counsel by Irwin Herzog, New York City, Anthony M. Petrosini, Staten Island, N. Y., Joseph Slavin, Brooklyn, N. Y., Stanley Michels, Remo J. Acito, New York City, Robert J. Hall, Ridgewood, N. Y., Grunewald, Turk & Gillen, Brooklyn, N. Y., Bernard Katzen, Eagan, Rudick & Hochberg, New York City, for Patrick Cunningham and others.

## OPINION AND ORDER

STEWART, District Judge:

Torres v. Sachs, 73 Civ. 3921 is a class action which commenced on September 12, 1973 to redress alleged violations of the plaintiffs' right to vote in the November 6, 1973 general election and in all future federal, state and local elections in New York City. Plaintiffs base their claim on the First and Fourteenth Amendments to the United States Constitution, the Voting Rights Act of 1965, 42 U.S.C. § 1973 et seq., the Voting Rights Amendment of 1970, 42 U.S. C. § 1973aa et seq., and 42 U.S.C. § 1983.[1]

■ A preliminary injunction was issued by this Court on September 26, 1973 concerning the November, 1973 election, and on November 8, 1973 plaintiffs moved for summary judgment. There are no genuine issues of material fact in dispute, and, accordingly this action is ripe for summary judgment.[2] The defendants, the Board of Elections of the City of New York and its members, through the Corporation Counsel, have opposed plaintiffs' motion on the ground that the relief sought had already been made the policy of the Board

of Elections of the City of New York at the time of the filing of the complaint in this case. On September 18, 1973, it was resolved by the Board of Elections that all elections in the City of New York would be on bilingual ballots and that County Chairmen of the major political parties would be requested to furnish Spanish-speaking inspectors in election districts having at least 5% Spanish-speaking voters. For reasons stated herein the above resolution does not suffice to assure the class in this action full and effective electoral rights.

This Court has jurisdiction of this action under 28 U.S.C. § 1343(3) and (4) and 42 U.S.C. §§ 1973 et seq. and 1973aa et seq.

The starting point in this controversy is the fact that persons born in Puerto Rico after April 10, 1899 are citizens of the United States. 8 U.S.C. §§ 1101(a)(38), 1401(a), 1402. Being citizens from birth, they are not required to learn English as are immigrant applicants for United States citizenship from non-English speaking foreign countries. 8 U.S.C. § 1423. Puerto Rico is a bilingual country but the primary language of its people and in its classrooms is Spanish. Many citizens, therefore, who are born and educated in Puerto Rico are unable to speak, understand or read English.

Prior to the November 6, 1973 election, the defendant Board of Elections conducted elections in English only, in that they prepared and distributed ballots, voting instructions and other election materials in English only and failed to provide bilingual personnel at appro-

---

1. A stipulation as to the class was approved on January 7, 1974 which certified the plaintiffs, pursuant to Rule 23(a), (b)(1) and (b)(2), Fed.R.Civ.P., as representatives of a class consisting of all persons eligible to vote who are of Puerto Rican birth or descent residing in the City of New York, who speak, read, write and understand Spanish, but who speak, read, write and understand English with severe difficulty or not at all.

2. The relief sought by the motion for summary judgment in the companion case of Ve-

lez v. Cunningham, 73 Civ. 2666, is satisfied by the relief granted herein. While some of the named defendants in the *Velez* case are not named in this case, the questions of law and fact in the two cases are virtually identical, and thus the cases are entirely appropriate for consolidation under Rule 42(a), Fed.R.Civ.P. The defendant with ultimate authority and responsibility to carry out the steps ordered is the same in both cases—the New York City Board of Elections.

priate polling places to assist the Spanish-speaking voters.

■ Section 4(e) of the Voting Rights Act of 1965 (42 U.S.C. § 1973b(e)) forbade "conditioning the right to vote" of a person educated for a period of six years in an American-flag school where English was not the language of instruction on his or her degree of fluency in the English language. It is clear from the legislative history and from the language of the Act itself that the class protected by this provision was the Puerto Rican community residing in the United States.[3]

In 1970, Congress amended the Voting Rights Act to prohibit all states from using any literacy tests for a period of five years. 42 U.S.C. § 1973aa(a).[4] The sixth grade education requirement of Section 4(e) was eliminated, thereby prohibiting the denial of the right to vote in any election of any person educated in Puerto Rico, whatever the extent of his or her education, where that denial was because of an inability to read, write or understand the English language.

■ These prohibitions protect the voting rights of the plaintiff class before this Court. New York City's past English-only election system constitutes a condition on the plaintiffs' right to vote based on their ability to "read, write, understand, or interpret any matter in the English language" as presently proscribed by Section 4(e) and the 1970 Voting Rights Amendment.

■■ In order that the phrase "the right to vote" be more than an empty platitude, a voter must be able effectively to register his or her political choice. This involves more than physically being able to pull a lever or marking a ballot.[5] It is simply fundamental that voting instructions and ballots, in addition to any other material which forms part of the official communication to registered voters prior to an election, must be in Spanish as well as English, if the vote of Spanish-speaking citizens is not to be seriously impaired. Simple logic also requires that the assistance given to the plaintiff class of voters at the polls on election day by trained representatives of the Board of Elections be in a language they understand, in order that their vote will be more than a mere physical act void of any meaningful choice. Plaintiffs cannot cast an effective vote without being able to comprehend fully the registration and election forms and the ballot itself.

■ The fact that the defendants have resolved to take *some* steps in the direction of giving Spanish-speaking citizens an effective vote is an inadequate assurance for such a fundamental right in a free society.[6] It is also significant that the defendants took no step to provide election assistance in Spanish prior

---

3. *See* Katzenbach v. Morgan, 384 U.S. 641, 645 n. 3, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966).

4. This provision was upheld in Oregon v. Mitchell, 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970).

5. Puerto Rican Organization For Political Action v. Kusper, 490 F.2d 575 (7th Cir. 1973) held that "the right to vote" encompasses the right to an effective vote, including language assistance for Puerto Rican citizens who speak, read and understand little or no English.
   *See* Garza v. Smith, 320 F.Supp. 131, 136 (W.D.Tex.1970), vacated and remanded for appeal to 5th Circuit, 401 U.S. 1006, 91 S.Ct. 1257, 28 L.Ed.2d 542 (1971), appeal dismissed for lack of jurisdiction, 450 F.2d 790 (5th Cir. 1971); United States v. Louisiana, 265 F.Supp. 703, 708 (E.D.La.1966), aff'd, 386 U.S. 270, 87 S.Ct. 1023, 18 L.Ed.2d 39 (1970), in which the three-judge court stated:
   "As Louisiana recognized for 150 years, if an illiterate is entitled to vote, he is entitled to assistance at the polls that will make his vote meaningful. We cannot impute to Congress the self-defeating notion that an illiterate has the right [to] pull the lever of a voting machine, but not the right to know for whom he pulls the lever." *Id.* at 708.

6. *See generally* Kramer v. Union Free School District, No. 15, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965); Wesberry v. Sanders, 376 U.S. 1, 17, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964).

to this Court's orders in Lopez v. Dinkins, 73 Civ. 695 (S.D.N.Y. Feb. 14, 1973) and prior to the commencement of this action on September 12, 1973.

It is clear to this Court that defendants' past practices and procedures deprive plaintiffs of their full rights protected by the Voting Rights Act of 1965, and the 1970 Amendment. We now order the defendants to take steps that will guarantee the plaintiffs their full rights to an effective vote.

Summary judgment is granted for the plaintiffs and their class.

It is therefore

Ordered that Torres v. Sachs, 73 Civ. 3921 and Velez v. Cunningham, 73 Civ. 2666 be, and hereby are consolidated, pursuant to Rule 42(a), Fed.R.Civ.P. and it is further

Ordered that the practices and procedures of the defendants discussed herein are declared to have deprived the plaintiffs and the class they represent, of their rights protected by the Fourteenth Amendment to the United States Constitution, the Voting Rights Act of 1965, the Voting Rights Amendment of 1970 and 42 U.S.C. § 1983; and it is further

Ordered that in future elections conducted by the defendant Board of Elections in New York City (1) that the defendant Board of Elections provide all written materials promulgated to voters or prospective voters in connection with the election process in both Spanish and English; (2) that the defendant Board of Elections provide ballots in both Spanish and English; (3) that all defendants combine and cooperate to provide a sufficient number of election officials who speak, read, write and understand both Spanish and English at the headquarters for the Board of Elections in each county, and at all polling places and places of registration falling, in whole or in part, in an election district, situated within a census tract containing 5 percent or more persons of Puerto Rican birth or extraction pursuant to the most recent census report; (4) that the defendant Board of Elections provide conspicuous signs at all polling places and places of registration described in the preceding clause, indicating in Spanish that election officials are available to assist Spanish-speaking voters or registrants, and that bilingual printed materials are available; and (5) that the defendant Board of Elections publicize elections in all media proportionately in a way that reflects the language characteristics of plaintiffs; and it is further

Ordered that all parties submit within 30 days of the filing of this Order, affidavits and/or briefs as to the granting of costs, disbursements and reasonable attorneys' fees to plaintiffs.

So ordered.